IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ZAVALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-45 |
| | § | |
| ANTHONY J. PRINCIPI, | § | |
| SECRETARY OF VETERANS | § | |
| AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant Anthony Principi's Motion for Summary Judgment (Instrument No. 11), Plaintiff Jose Zavala's Motion to Dismiss Without Prejudice and Motion to Abate (Instrument No. 12), and Plaintiff's Motion for Ruling, or in the Alternative Opposed Motion for Leave to File Response to Defendant's Summary Judgment (Instrument No. 25).

Plaintiff Jose Zavala ("Zavala") brings this action pursuant to Title VII of the Civil Rights Act of 1964 against Defendant Anthony J. Principi ("Principi") in his official capacity as Secretary of Veterans Affairs. Zavala works as an electrician at the Michael E. DeBakey Veterans Affairs Medical Center ("VAMC"). Zavala, who is a native of Mexico but became a naturalized citizen, alleges Zavala discriminated against

him on the basis of race and national origin and retaliated against him after he filed a formal discrimination complaint with the Equal Employment Opportunity Commission.

On November 4, 2005, Principi filed a motion for summary judgment regarding Zavala's discrimination and retaliation claims, arguing in part that Zavala had not exhausted his administrative remedies regarding the retaliation cause of action. Subsequently, Zavala asked the Court to dismiss the retaliation complaint without prejudice so he could seek finality through the administrative process. Zavala further asked the Court to abate the discrimination cause of action until he could later re-join the retaliation claim once he had exhausted his administrative remedies. Although Plaintiff indicated that his motion to dismiss was unopposed, Defendant subsequently filed a motion in opposition to the request for dismissal and abatement. Thereafter, almost four months later, Zavala filed a motion asking that the Court rule on his motions or grant him leave to file a response to Defendant's summary judgment.

Zavala concedes he did not exhaust his administrative remedies. However, he points the Court to a Request for Admission in which Principi "admitted" that Zavala had exhausted the necessary administrative remedies. Thus, Zavala argues Principi waived any objection to his retaliation claim. The Court disagrees, finding that it currently lacks jurisdiction to consider the retaliation claim. *See Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of Gov't Employees*, 40 F.3d 698, 711 (5th Cir.

1994) (observing that "[i]t is well settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies"). Accordingly, the Court dismisses without prejudice Zavala's retaliation claim.

Further, the Court determines that a genuine issue of material fact exists regarding Zavala's race and national origin discrimination claims. Accordingly, Principi's summary judgment motion is denied. Having considered the motion, submissions, and applicable law, the Court hereby

ORDERS that Defendant's Motion for Summary Judgment (Instrument No. 11) is DENIED. Plaintiff's race and national origin discrimination claims shall proceed to trial. The Court further

ORDERS that Plaintiff's Motion to Dismiss Without Prejudice and Motion to Abate (Instrument No. 12) is GRANTED in part and DENIED in part. His retaliation claim is dismissed without prejudice. However, Plaintiff's discrimination claims shall not be abated. The Court further

ORDERS that Plaintiff's Motion for Leave to File Response to Defendant's Summary Judgment (Instrument No. 25) is GRANTED.

SIGNED at Houston, Texas, on this 2nd day of March, 2006

_____David Hittner_____
DAVID HITTNER
United States District Judge